BREED, ELLIOTT & HARRISON *v.* THE CITY OF LIMA
ET AL.

*Municipal corporations — Sale of bonds and notes — Time and man-*
*ner of delivery — Option superseded by contract — Injunction*
*by purchaser.*

A municipal corporation entered into an option for the sale of
bonds and notes of the city, which option provided a certain
specified time and way in which delivery should be made. The
purchaser exercised its option to purchase, and subsequently
entered into a written contract which did not adopt the terms
of the option, but provided a different time and manner for
delivery of the bonds and notes. In an action to enjoin the
municipality from collecting a certified check deposited with
the city to be held by it as liquidated damages in case of failure
of plaintiff to perform its contract; *Held:* The contract super-
seded the prior option and the city is not bound to deliver
the bonds and notes in the manner specified in the option.

(Decided February 16, 1920.)

APPEAL: Court of Appeals for Hamilton county.

*Messrs. Maxwell & Ramsey* and *Mr. Jos. S.*
*Graydon,* for plaintiff.

*Mr. M. C. Light* and *Messrs. Wheeler & Bentley,*
for defendants.

CUSHING, J. This cause is heard on appeal on
the petition, second amended petition, and the

amended answer of defendants other than The First National Bank of Cincinnati.

The petition states that the city of Lima advertised the sale of waterworks and street improvement bonds, and, on June 5, 1916, plaintiff bid for certain bonds of said city, which bid was accepted. On the same day, the city of Lima and plaintiff entered into an option to purchase other of said city's bonds and notes. The option was to be exercised on or before September 28, 1916. September 21, 1916, plaintiff exercised its option, and it and the city of Lima entered into a written contract reciting that its bid of June 5th had been fully performed by the parties, and its option for other bonds and notes exercised by its election to take the bonds and notes specified. The amended petition further states that under said contract $250,000 of the waterworks extension and improvement bonds and $141,000 negotiable 6% 3½-year notes were delivered to plaintiff by said city, and paid for; that the city of Lima has failed and refuses to deliver to plaintiff the balance, $150,000 of said bonds and $227,000 of said notes.

It is further stated that a certified check for $4,770, on The First National Bank of Cincinnati, was deposited with said city, to be held by it as liquidated damages in case of the failure of plaintiff to perform its contract. The prayer of the petition was that the city of Lima be enjoined from collecting or attempting to collect said certified check and that The First National Bank be enjoined from paying the same.

Defendants' amended answer admits the contract of September 21, 1916, the deposit of said

check for the purposes stated in the petition, the delivery to plaintiff of the bonds and notes stated in the petition, and the payment therefor. It denies the allegations of the petition not admitted. For a second defense, defendant city of Lima says that it entered into a contract for the sale and delivery of bonds and notes to the plaintiff; that the bonds were to be delivered as specified in the contract, except the $150,000 which were to be delivered "as the City of Lima, Ohio, needs the funds for the water works improvements under contract," and that the notes were to be delivered as stated in the contract; that said city did not need the funds for waterworks improvement until about the 12th day of July, 1918, on which day, through its duly qualified and elected officer, it tendered to plaintiff the $150,000 of bonds at plaintiff's office in the city of Cincinnati and demanded payment therefor; that while its auditor, D. L. Rupert, was at the office of plaintiff, for the purpose of delivering the bonds and receiving payment therefor, he was served with a summons in an action filed against the defendants herein on the 19th day of April, 1918; that the contract between the city of Lima and the plaintiff was in full force and effect and being carried out by said city of Lima in good faith according to its terms and provisions; and that by reason of the failure of the plaintiff to take said bonds it was compelled to advertise and sell them in the open market and pay a higher rate of interest than was provided in said contract between it and the plaintiff.

Both parties rely on the contract and each claims that the other breached it.

The only question in controversy is the provisions of the contract with reference to the $150,000 of bonds and $227,000 of notes.

The legislation under which said bonds were issued by the city of Lima is not before this court, nor is any question made as to the validity of the contract. We, therefore, do not consider either of these questions.

On this state of the record the provisions of the contract and the contentions of the parties will be considered. Counsel for plaintiff contend:

"That under the contract of September 21st, 1916, as under the contract of June 5th, 1916, defendants were bound to maintain the proportion of 25 bonds and 23 notes; that having failed to maintain such proportion in substantial conformity with the provisions of the contract, and having sold said notes to other persons, defendant committed a breach; that, therefore, the alleged tender of the balance, to-wit: $150,000 bonds, is immaterial * * * that such tender was not established by the evidence."

The option of June 5th provided that delivery should be made in the proportion of 25 waterworks bonds and 23 notes, any time, up to and including September 28, 1916.

The contract of September 21st does not adopt the terms of the option, nor does it seek by reference to have them read into the contract. The language tends to exclude any such idea. It provides:

"*Whereas,* * * * said Breed, Elliott & Harrison were given the option to purchase at par and

accrued interest other bonds and notes as set forth below; and,

"*Whereas,* both said City of Lima and said Breed, Elliott & Harrison are desirous of having the conditions of said option and agreement fully set forth by contract."

The intention of both the parties was to set forth by contract the conditions of their agreement. The provision of the contract for the delivery of bonds to the plaintiff and its payment for them, except $150,000 of said bonds, was performed. The provision of the contract with reference to these bonds is, "and the remainder of said bonds, amounting to $150,000, shall be delivered as the City of Lima, Ohio, needs the funds for the water works improvements under contract."

The provision of the contract with reference to the notes was different from that stated in the option. After providing for the dates of the bonds, the contract proceeds, "All notes are to be delivered to Breed, Elliott & Harrison as issued and legally approved by attorneys, until the full amount has been delivered." The only other provision in the contract which in any way refers to the option is "the *amount* specified being that in said option of June 5th, 1916." This clearly refers to the amount of the notes and in no way relates to delivery. The contract was between the same parties that entered into the option. It was with reference to the same subject-matter. It stated specifically the amount of the bonds and notes that plaintiff purchased. It provided for the delivery of both. The question, then, is, Did the contract supersede the option, or did it relate to the option in such a way as to read

it into the contract?  On the question of written instruments of different dates, relating to the same subject-matter, the rule is thus stated in *Bunday* v. *Huntington,* 224 Fed. Rep., 847, at page 853:

"Whenever an executory contract is executed by a new contract in writing, the latter is presumed to express the final agreement of the parties, and conditions in the former agreement not included in the last, nor reserved or continued by its terms, are, in the absence of fraud, or mistake, deemed waived."

The burden is on plaintiff to prove that the city of Lima breached the contract as entered into.  On the record we hold that under the contract the city of Lima was not bound to deliver bonds and notes in the proportion set forth in the option, and its failure so to do was not a breach of the contract; that the plaintiff has not sustained the burden of proving that the contract was breached by the city of Lima; and, therefore, that plaintiff is not entitled to the relief sought.

*Judgment for defendants.*

SHOHL, P. J., and HAMILTON, J., concur.